**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>CARMEN MARIA MERCADO FRATICELLI.<br><br>Debtor. | CASE NO. 24-02341 MAG11<br>Chapter 11<br><br>FILED & ENTERED ON 10/30/2024 |

**OPINION AND ORDER**

This case came before the court on October 15, 2024 for a hearing to consider the confirmation of the subchapter V plan filed by Carmen Maria Mercado Fraticelli ("Debtor") and the motion to dismiss with a four-year bar to refile filed by secured creditor Blue View Capital LLC ("Blue View"). (Dkt. ## 29, 37.) At the hearing to consider the foregoing matters, the court denied the confirmation of Debtor's subchapter V plan and took Blue View's motion to dismiss with the bar to refile under advisement. (Dkt. ## 62, 74.) For the reasons stated below, the motion to dismiss is denied.

**I.      JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), L. Civ. R. 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

**II.      RELEVANT FACTS**

**Chapter 13 Case No. 21-00991 filed by Miguel A. Rivera Cosme and Debtor**

On March 26, 2021, Debtor and her spouse, Miguel A. Rivera Cosme, filed a voluntary petition under chapter 13 of the Bankruptcy Code. (Case # 21-00991, Dkt. # 1.)  They listed only

one real property in schedule A/B described as a lot of two floor concrete residential property located at Urb. Santa Teresita AX-8, Ponce, Puerto Rico with a value of $101,500 (the "Property"). (Case # 21-00991, Dkt. # 1, p. 22.)

On April 26, 2021, Debtor requested that the chapter 13 case be voluntarily dismissed as to her. (Case # 21-00991, Dkt. # 14.)  On April 27, 2021, the court granted Debtor's dismissal request. (Case # 21-00991, Dkt. # 16.) Mr. Cosme alone proceeded with the chapter 13 case.

On May 19, 2021, Mr. Cosme filed an amended schedule A/B which reflected that the value of the Property was $131,000. (Case # 21-00991, Dkt. # 27.)

On August 2, 2021, Mr. Cosme filed a claim in the amount of $228,058 on behalf of Blue View's predecessor, PR Asset Portfolio 2013-1 International, LLC ("PRAPI"), with a secured portion of $131,000, guaranteed by a first mortgage in the principal amount of $35,000 and a second mortgage in the principal amount of $90,000 over the Property. (Case # 21-00991, Claims Register # 11-3.) The claim included a property certification showing that the titleholders of the Property are Mr. Cosme and Debtor. (Case # 21-00991, Claims Register # 11-3, p. 6.)

On September 20, 2021, Mr. Cosme filed an amended chapter 13 plan proposing 23 monthly payments of $500, 1 monthly payment of $140,500 ($140,000 derived from the refinancing of the Property), and 36 monthly payments of $500, for a total plan base of $170,000. (Case # 21-00991, Dkt. # 56.)  Mr. Cosme's chapter 13 plan was confirmed on September 24, 2021. (Case # 21-00991, Dkt. # 60.)

On April 12, 2023, PRAPI moved for dismissal of the case upon Mr. Cosme's default with the lump sum payment of $140,500. (Case # 21-00991, Dkt. # 66.)  Mr. Cosme then filed a post confirmation modification and a stipulation with PRAPI. (Case # 21-00991, Dkt. ## 106, 107.) Prior to their approval, Mr. Cosme withdrew both the post confirmation modification and

2

the stipulation. (Case # 21-00991, Dkt. # 110) Subsequently, Mr. Cosme's attorney resigned, and he was deemed pro se upon his failure to retain new counsel. (Case # 21-00991, Dkt. # 116.)

On September 12, 2023, PRAPI filed a motion to dismiss with a two-year bar to refile. (Case # 21-00991, Dkt. # 118.)  On December 19, 2023, upon Mr. Cosme's failure to oppose dismissal, the court granted PRAPI's motion as unopposed and dismissed the case with a two-year bar to refile. (Case # 21-00991, Dkt. # 132.)

**Subchapter V Case No. 24-02341 filed by Debtor**

On May 31, 2024, Debtor filed a voluntary chapter 11 petition as a subchapter V case. (Dkt. # 1.) Debtor listed the Property as her only real estate property in schedule A/B with a value of $125,000. (Dkt. # 1, p. 13.) Debtor listed Blue View in schedule D as having a secured claim over the Property in the amount of $123,154.15. (Dkt. # 1, p. 20.) Debtor also listed in schedule E/F the following unsecured creditors: First Federal Savings Bank with a claim of $5,174; Fortiva/TBOM with a claim of $137.00; JC Penney with a claim of $174.00; Macy's with a claim of $160.61; and The Home Depot with a claim of $87.00. (Dkt. # 1, pp. 21-23.) These unsecured claims amount to $5,732.61. (Id.)

On August 5, 2024, Blue View filed proof of claim number 1 in the amount of $283,593.07 for a loan secured by the Property. (Claims Register # 1-1.) Debtor has not objected to this claim.

On August 30, 2024, Debtor filed her subchapter V plan. (Dkt. # 29.) The plan proposed payment to Blue View's secured portion of the claim in the amount of $125,000 in 120 installments of $1,515.63 with 8% interest. (Id.)  The court set the hearing on confirmation for October 17, 2024. (Dkt. # 38.)

3

On September 17, 2024, Blue View filed a motion to dismiss the case with a four-year bar to re-file. (Dkt. # 37.) On September 26, 2024, Debtor opposed Blue View's dismissal request. (Dkt. # 42.) The court scheduled the hearing on the motion to dismiss also for October 17, 2024. (Dkt. # 38.)

On September 30, 2024, Debtor filed her monthly operating reports for the months of June and July, 2024. (Dkt. ## 45, 46.)

On October 3, 2024, Blue View filed an objection to the confirmation of Debtor's plan. (Dkt. # 47.) Debtor did not file a response to Blue View's objection to confirmation before the October 17 hearing on confirmation.

Upon Debtor's request and Blue View's consent, the court rescheduled the hearing on the confirmation of the plan and the motion to dismiss for October 15, 2024 (the "Hearing"). (Dkt. # 57.)

At the Hearing, the court denied confirmation of Debtor's plan and took Blue View's motion to dismiss under advisement as follows:

> Upon consideration of the arguments made in open court, confirmation of the subchapter V plan filed at Dkt. # 29 is denied.
>
> First, the court notes that the provisions of the plan are confusing as to the treatment to be provided to unsecured creditors in Class 3 and is unclear as to the creditors comprising this class. The plan does not specify whether Debtor is proposing to pay 5% to all her unsecured creditors or if she only intends to pay 5% on the unsecured portion of Blue View's claim.
>
> Additionally, Debtors' current bankruptcy case has been pending for 137 days and the court notes that Debtor has not made any adequate protection payments to Blue View, that there is no equity in the property, and that there are no funds in the bank account as per the monthly operating report for July.  Moreover, Debtor's plan as proposed is not feasible. While Debtor has suggested that she intends to amend her plan upon Blue View's dismissal request, she has failed to do so.
>
> At this juncture, Blue View's claim #1 is fully secured and allowed in the amount $283,593.07. Despite Blue View's claim being fully secured and allowed, Debtor proposes to pay Blue View the amount of $125,000 by way of a proposed plan and has

no appropriate remedies established in favor of Blue View in case of defaulting with the provisions of the plan.

The court notes that Debtor has not set forth admissible evidence regarding the alleged value of Blue View's collateral in the amount of $125,000 and has not filed any adversary proceeding to determine the extent of Blue View's lien. Finally, Debtor failed to file the 1129 statement. Therefore, the court may not confirm the plan as it is.

The request for the continuance of the confirmation hearing made by Debtor in open court is denied.

The motion to dismiss filed by Blue View at Dkt. # 37 is taken under advisement.

(Dkt. ## 62, 74.)

On October 21, 2024, Debtor filed her monthly operating reports for the months of August and September, 2024. (Dkt. ## 63, 64.)

On October 22, 2024, Debtor filed an amended subchapter V plan, a memorandum of law against dismissal, and a motion requesting a valuation hearing to establish the value of the Property. (Dkt. ## 68, 70, 72.) On even date, Blue View moved the court to strike all three documents. (Dkt. # 75.)

Debtor's amended plan proposes payment on Blue View's secured portion of the claim in the amount of $125,000 in 180 installments of $1,194.57 with 8% interest for a total payout of $215,055.66. (Dkt. # 68, p. 5.) The amended plan also proposed payment on Blue View's unsecured portion of the claim in the amount of $482.50 for 60 months for a total payout of $28,950.00. (Id.)

On October 28, 2024, Debtor opposed Blue View's motion to strike. (Dkt. # 81.)

On October 30, 2024, the court granted Blue View's motion to strike as to Debtor's memorandum of law against dismissal because the motion to dismiss had already been submitted and taken under advisement at the Hearing and denied as to the amended plan and the request for valuation hearing. (Dkt. # 85.)

### III.    PARTIES' POSITIONS

At the Hearing, Blue View requested the dismissal of this case with a four-year bar to refile arguing that the totality of circumstances test for bad faith has been met and that cause for dismissal has been established. It argued that: (i) this is Debtor's second bankruptcy filing on the eve of foreclosure which establishes a pattern of bad faith; (ii) Debtor is circumventing the bar to refile entered in the prior bankruptcy case number 21-0991; (iii) this is a two-party dispute that should have been resolved in the foreclosure case in state court; (iv) only Blue View has filed a claim in this case and Debtor's unsecured claims amount to nominal amounts; (v) there is no equity for unsecured creditors; (vi) while attempting to cram down Blue View's claim, Debtor has failed to establish the value of the Property; (vii) Debtor has failed to move her case expeditiously as required by subchapter V; and (viii) Debtor intends to further delay the case by proposing to amend her subchapter V at the confirmation hearing stage.

Debtor opposed dismissal at the Hearing arguing that her petition was not filed in bad faith. Debtor asserted that: (i) the bar to refile in the prior case does not apply to her; (ii) Blue View's claim is partially secured because the Property is worth less ($125,000) than the total amount of the debt ($258,593.07); (iii) her unsecured debts amount to $164,593.07 considering the unsecured portion of Blue View's claim; (iv) she has enough income to present a feasible plan; and (v) unlike chapter 13, subchapter V provides the mechanism for her to modify Blue View's commercial loan claim secured with the Property, which is not only her residence but also the place where she conducts business. Debtor also informed that she would submit an appraisal of the Property to establish that the Property is worth $125,000 and that she intends to amend her plan to modify the proposed treatment to Blue View.

6

## IV.   APPLICABLE LAW AND DISCUSSION

11 U.S.C. § 1112 governs dismissal and conversion of a chapter 11 case. 11 U.S.C. § 1112 (b)(1) provides that a bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors, if "cause" is found. Section 1112 (b)(1) "invokes a two-step analysis, first to determine whether 'cause' exists either to dismiss or convert the chapter 11 proceeding to a chapter 7 proceeding, and second to determine which option is in the best interest of creditors and the estate." In re P.R. Hosp. Supply, Inc., 2020 Bankr. LEXIS 2742, at *34 (Bankr. D.P.R. Oct. 2, 2020) (quoting In re Costa Bonita Beach Resort, Inc., 513 B.R. 184, 200 (Bankr. D.P.R. 2014)). "The initial burden is on the movant to prove there is cause for either conversion or dismissal of the chapter 11 case." Efron v. Candelario (In re Efron), 529 B.R. 396, 411 (B.A.P. 1st Cir. 2015). "The movant's burden to establish cause requires proof by a preponderance of the evidence." 7 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1112.04 (16th ed. 2024). "Once cause is found, the burden shifts to the opposing party to demonstrate 'unusual circumstances' that establish conversion or dismissal is not in the best interest of the creditors and the estate." In re Efron, 529 B.R. at 411.

If the party opposing dismissal shows that "unusual circumstances" are present, it must also show that: there is a reasonable likelihood that a plan will be confirmed within the applicable time period or a reasonable time; that the grounds for dismissal of the case are other than the ones listed at § 1112(b)(4)(A); that the grounds for dismissal constitute an act or omission by the debtor for which there exists a reasonable justification; and that said omission will be cured within a reasonable period of time established by the court. 11 U.S.C. § 1112(b)(2). "After a finding of cause, 'the court's discretion is limited; it must grant some form of relief unless § 1112(b)(2) applies.'" L&R Dev. & Inv. Corp. v. Román-Ramos (In re L&R Dev. & Inv. Corp.), 2020 Bankr.

LEXIS 1025, at *13 (B.A.P. 1st Cir. Apr. 13, 2020) (quoting In re Korn, 523 B.R. 453, 465 (Bankr. E.D. Pa. 2014)). "The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of the creditors and the estate." Costa Bonita Beach Resort, Inc., 513 B.R. at 195.

As for dismissal due to a debtor's bad faith, "[t]he issue of whether lack of good faith ('bad faith') constitutes cause for dismissal is 'unsettled,' and 'debated'". La Trinidad Elderly LP SE v. Loiza Ponce Holdings LLC, 627 B.R. 779, 799 (B.A.P. 1st Cir. 2021) (quoting In re Ortiz Jimenez, 2018 Bankr. LEXIS 3507, at *16 (Bankr. D.P.R. Nov. 7, 2018); OneUnited Bank v. Charles St. African Methodist Episcopal Church of Bos., 501 B.R. 1, 7 (D. Mass. 2013)). "The First Circuit 'has expressly declined to decide' the issue." La Trinidad Elderly LP SE, 627 B.R. at 799.

However, the Bankruptcy Appellate Panel for the First Circuit found that bad faith has been widely recognized as grounds for dismissal under 11 U.S.C. § 1112(b) stating that there is "abundant, well-reasoned authority holding that lack of good faith can constitute cause for dismissal of a chapter 11 petition under § 1112(b)." La Trinidad Elderly LP SE, 627 B.R. at 800. "The determination of whether the movant has established prima facie that there is a lack of good faith (or bad faith) in the filing of a bankruptcy petition is a fact intensive inquiry in which the court analyzes the totality of the circumstances." In re Correa, 2024 Bankr. LEXIS 1843, at * 25 (Bankr. D.P.R. Aug. 7, 2024) (quoting In re Lopez Llanos, 578 B.R. 700, 707 (Bankr. D.P.R. 2017)). "[T]he good faith standard focuses directly on the subjective intentions of the debtor and proper use of the bankruptcy system as a general system of equity." 7 Collier on Bankruptcy ₧ 1112.07[1] (16th ed. 2024).

"Lack of good faith or bad faith is atypical conduct that constitutes an abuse of the bankruptcy process." In re Costa Bonita Beach Resort, 479 B.R. 14, 39 (Bankr. D.P.R. Nov. 7,

2012). When determining lack of good faith or bad faith, courts have considered factors such as: (1) whether debtor has only one asset; (2) whether debtor has few unsecured creditors with small claims in relation to those of secured creditors; (3) whether debtor's only asset is subject to foreclosure due to default on the debt; (4) whether the bankruptcy case is a two-party dispute which can be resolved in the state court forum, (5) if the timing of debtor's bankruptcy filing shows an intent to delay or frustrate the efforts of the secured creditor to enforce its rights; (6) whether debtor has little to no cash flow; (7) whether debtor cannot meet current expenses; and (8) whether debtor has no employees. La Trinidad Elderly LP SE, 627 B.R. at 800-801 (quoting In re PM Cross, LLC, 494 B.R. 607, 618 (Bankr. D.N.H. 2013)). "[C]ourts have considered whether there was a legitimate purpose to be served by the filing in making the good faith determination." La Trinidad Elderly LP SE, 627 B.R. at 800. See also, In re Stephens, 2022 Bankr. LEXIS 433, at *25 (Bankr. N.D.T.X. February 22, 2022) (explaining that courts recognize in general that Chapter 11 petition is filed in bad faith unless it serves a valid reorganizational purpose).

Turning to the bar to refile, 11 U.S.C. § 109(g) provides a 180-day bar to refile for individuals after a case is dismissed if dismissal was due to a debtor's failure to abide by court or appear before the court in proper prosecution of the case, or if a debtor voluntarily dismissed a case after the filing of a request for relief from the automatic stay. When 11 U.S.C. § 109(g) is not applicable, the court may enter a bar to refile under 11 U.S.C. § 349(a), which states that the dismissal of a case is without prejudice "unless the court, for cause, orders otherwise." The court has "authority to sanction serial or bad faith filers by baring future filings for reasons and longer periods of time other than those specified by 11 U.S.C. § 109(g), from either 11 U.S.C. § 105(a), 11 U.S.C. § 349(a), or both." In re Correa, 2024 Bankr. LEXIS 1843, at *35. See also, Gonzalez-Ruiz v. Doral Fin. Corp., 341 B.R. 371, 386 (B.A.P. 1st Cir. 2006).

The party seeking a bar to refile under 11 U.S.C. § 349(a), "has the burden of raising the issue of 'cause' in the first instance." In re Duran v. Rojas, 630 B.R. 797, 812 (B.A.P. 9th Cir. 2021). "A dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct." In re Jimenez, 2019 Bankr. LEXIS 1732, at * 8 (Bankr. D.P.R. Jun. 3, 2019) (quoting Marshall v. McCarty (In re Marshall), 407 B.R. 359, 363 (B.A.P. 8th Cir. 2009)). "Dismissal with prejudice is a severe sanction to which the courts should resort only infrequently." Hall v. Vance, 887 F.2d 1041, 1045 (10th Cir. 1989). "A determination of bad faith may be 'cause' for a dismissal with prejudice under § 349(a)." In re Jimenez, 2019 Bankr. LEXIS 1732, at * 9.

As discussed below, the court agrees with Debtor that her subchapter V petition was not filed in bad faith and that dismissal is not warranted.

The court will first address Blue View's argument that Debtor was precluded from filing a petition because of the bar to refile order entered in Mr. Cosme's chapter 13 case and that the filing of this case is Debtor's attempt to circumvent such bar to refile entered in the chapter 13 case. First, the court notes that on August 25, 2023 counsel for Mr. Cosme moved to withdraw from the case and such motion was granted on September 6, 2023 (Case # 21-00991, Dkt. ## 111, 116).  Mr. Cosme did not hire new counsel afterwards. On September 12, 2023 PRAPI filed a motion to dismiss with a bar to refile which was never opposed and the same was granted as requested, hence the court did not hear evidence to establish "cause" or "egregious conduct" and the court did not make such finding. (Case # 21-00991, Dkt. ## 118, 132.)  The record shows that Mr. Cosme had no prior bankruptcy filings. And most importantly, as conceded by Blue View, the bar to refile entered in Mr. Cosme's case does not apply to Debtor, who was no longer a co-debtor in Mr. Cosme's case at the time the same was entered.

10

Here, the record does not support the conclusion that Debtor's subchapter V filing constitutes a repeat filing of Mr. Cosme's chapter 13 case, which Debtor admits that ultimately failed due to the anti-modification provisions of 11 U.S.C. § 1322(b)(2) and the inability to obtain the refinancing of the Property for the lump sum payment provided in the confirmed plan unforeseen at the time the chapter 13 plan was confirmed. Debtor explained that the Property has a wooden second level structure and the bank would not provide the refinance unless such structure was demolished. Rather, Debtor filed her petition on the eve of foreclosure seeking to modify, for the first time, the lien encumbering her residence and place of business through the mechanisms provided under 11 U.S.C. § 1190(3) of subchapter V. "The filing of bankruptcy for the purpose of frustrating a secured party's imminent efforts to foreclose is not in and of itself bad faith." In re Loucheschì LLC, 2011 Bankr. LEXIS 2983, at *12 (Bankr. D. Mass. Aug. 2, 2011).

In regards to the argument that dismissal of this case is appropriate because it constitutes a two-party dispute between a debtor and a single creditor, "[a] bad faith chapter 11 filing may occur when a bankruptcy petition is filed simply to create a bankruptcy forum for a two-party dispute based upon non-bankruptcy law, and no reorganization purpose is intended." In re S. Canaan Cellular Invs., Inc., 2009 Bankr. LEXIS 2967, at *19 (Bankr. E.D. Pa. May 19, 2009). However, "[p]etitions in bankruptcy arising out of a two-party dispute do not per se constitute a bad-faith filing by the debtors." Sullivan v. Harnisch (In re Sullivan), 522 B.R. 604, 616 (9th Cir. B.A.P. 2014) (quoting In re Stolrow's, Inc., 84 B.R. 167, 171 (9th Cir. B.A.P. 1988)). Although it may be argued that this case consists of a two-party dispute because Blue View is the only creditor that has filed a secured claim and Debtor's scheduled unsecured claims total a nominal amount, the record reflects that there is no pending litigation between Blue View and Debtor in

state court and that Debtor is not trying to relitigate in this court issues adjudicated by the state court.

Furthermore, Debtor does not challenge the fact that Blue View is a judgment creditor that was seeking the foreclosure of its collateral. Instead, Debtor is attempting to restructure the lien encumbering her residence and reorganize her debts, which can only be accomplished in this forum through the mechanism provided by 11 U.S.C. § 1190(3) in subchapter V of the Bankruptcy Code. Said section specifically permits the modification of claims secured by mortgages on a debtor's principal residence provided that the security interest "was not used primarily to acquire the real property" and that the new value was "used primarily in connection with the small business of the debtor." 11 U.S.C. § 1190(3). In conclusion, although this case involves one major creditor and one asset, the bankruptcy petition was not filed simply to create a bankruptcy forum for a two-party dispute based upon non-bankruptcy law, and the filing was made with the clear intended purpose to reorganize.

As for the other arguments raised by Blue View, the court is cognizant that Debtor failed to present a confirmable plan at the Hearing and in fact the confirmation of the plan was denied at such time. But nothing in subchapter V requires her to confirm the plan within a deadline upon its filing or limits her ability to further amend the plan to achieve confirmation. "Subchapter V has no deadline for confirmation after the filing of the plan." 8 <u>Collier on Bankruptcy</u> ¶ 1189.02 (16th ed. 2024).

Moreover, the court notes that Debtor moved expeditiously to cure the deficiencies of the plan which prompted the court to deny confirmation at the Hearing. Namely, Debtor submitted the appraisal report to establish that the value of Blue View's collateral is $125,000 and requested a valuation hearing to establish the same. Additionally, Debtor has filed the

outstanding monthly operating reports which reflect that Debtor has the income to fund her proposed plan. The amended plan provides for adequate protection payments to Blue View commencing on November 1, 2024 until confirmation, increases the proposed total payout to Blue View in both secured and unsecured portions of its claim, and also includes appropriate remedies in favor of Blue View in the event of a default with the terms of the plan in compliance with the cramdown provision of 11 U.S.C. § 1191(b). The amended plan contains the elements required for a confirmable subchapter V plan.

With this framework in mind and without passing judgment on the feasibility of Debtor's amended plan at this time, the court finds that Debtor's subchapter V petition has a valid reorganizational purpose. As such, the court determines that Debtor's subchapter V petition was not filed in bad faith and dismissal is not warranted.

## V.    CONCLUSION

In view of the foregoing reasons, the motion to dismiss filed by Blue View and the request for a four-year bar to refile (Dkt. # 37) are denied. The court will enter a separate order scheduling a hearing on Debtor's request for valuation (Dkt. # 70) and confirmation of the amended subchapter V plan (Dkt. # 68).

**IT IS SO ORDERED.**

In Ponce, Puerto Rico, this 30th day of October 2024.

María de los Ángeles González
United States Bankruptcy Judge

13