**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>CARMEN MARIA MERCADO FRATICELLI.<br><br>    Debtor. | CASE NO. 24-02341 MAG11<br><br>Chapter 11<br><br><br>FILED & ENTERED ON 9/15/2025 |

## <u>OPINION AND ORDER</u>

On May 31, 2024, Carmen Maria Mercado Fraticelli ("Debtor") filed the instant petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code.

On August 5, 2024, creditor Blue View Capital LLC ("Blue View") filed proof of claim number 1 in the amount of $283,593.07, secured by Debtor's residential property located in Ponce, Puerto Rico. Claims Register # 1-1.

On September 17, 2024, Blue View filed a motion to dismiss the case with a four-year bar to re-file. Dkt. # 37. On September 26, 2024, Debtor opposed Blue View's dismissal request. Dkt. # 42.  On October 30, 2024, the court entered an opinion and order denying Blue View's request for dismissal of the case with a four-year bar to refile and allowed Debtor to proceed to confirmation. Dkt. # 86.

On November 23, 2024, Blue View moved for the reconsideration of the order denying the dismissal and the bar to refile. Dkt. # 99.

Following Debtor's request for valuation and protracted motion litigation with Blue View, on December 5, 2025, the court conducted an evidentiary hearing to determine, for

purposes of 11 U.S.C. § 1129(b)(2)(A)(i), 11 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012, the value of Debtor's residential property. Dkt. ## 70, 122, 127.

On April 14, 2025, the court determined in an opinion and order that the value of said property was $135,000 and granted Debtor thirty days to file an amended Subchapter V plan consistent with the valuation ruling. Dkt. #141. The court also held in abeyance Blue View's motion for reconsideration of its request for dismissal with a four-year bar to refile, pending the outcome of the confirmation hearing of the amended plan that Debtor would file. Dkt. #142.

On May 19, 2025, Debtor filed her Subchapter V amended plan, which the court set for a confirmation hearing on July 10, 2025. Dkt. ## 154, 155.

On July 7, 2025, Blue View filed an objection to the confirmation of Debtor's amended plan. Dkt. # 166. In the objection to confirmation, Blue View questioned the plan's feasibility by analyzing the monthly operating reports filed to date, which it argued had multiple deficiencies and inconsistencies. Blue View also pointed out that the operating reports for April and May were outstanding. Further, it argued that the plan did not meet the criteria for cram down confirmation under 11 U.S.C. § 1191(b) and that the plan improperly proposed a bifurcation of its claim, a claim that Debtor never objected to.

On July 9, 2025, Debtor requested a continuance of the confirmation hearing and asked for a thirty-day extension to properly respond to Blue View's objection to confirmation, amend the monthly operating reports to demonstrate feasibility, and to file a further amended plan addressing the issues raised by Blue View in its objection. Dkt. #169.

On July 10, 2025, as reflected in the minutes of the confirmation hearing, the court denied Debtor's request to continue the hearing. Dkt. ## 172, 173. In doing so, the court observed the following:

> In open court, Debtor requested the continuance of the hearing because the plan as filed is unfeasible at this time and an amended plan needs to be filed. Debtor failed to present any evidence as to how the plan will become feasible in the future. Debtor's counsel simply argued that third parties would contribute to the plan payments, but such parties were not present in court.

Id. Additionally, the court granted Blue View's objection to confirmation and denied confirmation of Debtor's plan, based on the following:

> After considering the arguments set forth by the parties in open court, and especially taking into consideration that Debtor admits that the amended plan, as proposed, is not feasible; that the last operating report filed corresponding to the month of March 2025 reflects that Debtor only has $288.47 in the debtor-in-possession bank account, which is inconsistent with the $19,360.52 cash on hand balance at the end of the month reflected in the report; together with the fact that monthly operating reports for April and May 2025 are outstanding, the court grants the objection to confirmation filed by Blue View Capital LLC (Dkt. # 166) and denies confirmation of the amended subchapter V plan filed by Debtor at (Dkt. #154).

Id. The court also granted Blue View's request for reconsideration at Dkt. # 99 and dismissed the case. Id. Although the court did not impose the four-year bar to refile, it observed during the hearing that the six-month bar to refile provided in 11 U.S.C. §109(g) was applicable due to Debtor's failure to appear before the court in proper prosecution of the case.

Now pending before the court is Debtor's motion for the reconsideration of the dismissal filed on July 21, 2025. Dkt. # 185. On the same day, Debtor also filed: an amended subchapter V plan (Dkt. # 176), amended schedules I and J (Dkt. # 177), an objection to Blue View's claim (Dkt. # 178), amended monthly operating reports for January, February, and March 2025 (Dkt. ## 179, 180, 181), and monthly operating reports for April, May, and June 2025 (Dkt. ## 182, 183, 184). After requesting an extension to respond, Blue View filed its opposition to the reconsideration on August 28, 2025. Dkt. # 199.

For the reasons stated below, Debtor's motion for reconsideration is denied.

3

"Bankruptcy courts usually treat a motion for reconsideration as either a motion to alter or amend a judgment under [Fed. R. Civ. P.] 59(e), made applicable in bankruptcy by [Fed. R. Bankr. P.] 9023, or as a motion for relief from judgment under [Fed. R. Civ. P.] 60(b), made applicable in bankruptcy by [Fed. R. Bankr. P.] 9024." In re Nieves Guzman, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017). "These two rules are distinct; they serve different purposes and produce different consequences." Id. (quoting In re Ortiz Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). "[T]he applicable rule often depends on the time such motion is filed." In re Nieves Guzman, 567 B.R. at 862. Rule 9023 provides that a motion "to alter or amend judgment shall be filed… no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. In turn, Fed. R. Civ. P. 60 applicable here through Fed. R. Bankr. P. 9024 provides that a motion for relief from judgment must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Because Debtor filed her motion for reconsideration on July 21, 2025 —that is, within the fourteen-days,—the court will consider their motion under the Fed. R. Bankr. P. 9023 standard.

A motion for reconsideration under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59, allows the court to alter or amend a judgment. Under Fed. R. Civ. P. 59, "relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (quoting Global Naps, Inc. v. Verizon New England, Inc., 489 F.3d 13, 25 (1st Cir. 2007)). See also Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012) (Under Fed. R. Civ. P. 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact.").

4

"It is well settled in the First Circuit that to meet the threshold requirements of [Fed. R. Civ. P.] 59(e), the motion 'must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision.'" In re Nieves Guzmán, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting In re Arroyo, 544 B.R. 751, 756-57 (Bankr. D.P.R. 2015)). Fed. R. Civ. P. 59(e) motions are to be "aimed at reconsideration, not initial consideration." Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020) (quoting Harley-Davidson Motor Co., Inc. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990)). Fed. R. Civ. P. 59(e) motions do "not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment." Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir. 2006) (quoting Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25, 426 F.3d 416, 422 (1st Cir.2005)).

In her motion for reconsideration, Debtor argues that at the confirmation hearing, she did not admit that her plan was unfeasible. Instead, she contends that the court could not assess feasibility due to the incomplete monthly operating reports filed up to that date. Dkt. # 185. She states that now she has amended these reports and attached evidence of her income to demonstrate the source of the funds. Further, she asserts that at the 341 meeting of creditors and in "other hearings and motions," she had testified that her plan would also be funded with her husband's income. Dkt. # 185, at ₽ 7. She further states that, if necessary, her son and daughter would contribute to fund her plan and submits as exhibits two unsworn statements under penalty of perjury to that effect. She also attributes her previous omission of her husband's income and

bank statements to an error made by her prior accountant, who has now been replaced. She claims that she is now in full compliance with the confirmation requirements.

Debtor also emphasizes her active participation in the valuation hearing, which resulted in the court determining that the value of the property is $135,000. She contends that she had no obligation to file an objection to Blue View's claim, and that the court's valuation effectively bifurcated the claim. Moreover, Debtor argues that she does not need Blue View's vote for plan confirmation because she can confirm her plan under the cram-down provisions of 11 U.S.C. § 1191(b). She asserts that her plan is fair and equitable because it proposes to pay within a reasonable timeframe and with interest, providing more than what unsecured creditors would receive in a Chapter 7 liquidation scenario. Lastly, she requests that the court exercise its equitable powers under 11 U.S.C. § 105(a) to reconsider the dismissal of her case and allow her to preserve her only property, which serves as her residence and place of business.

Blue View opposes Debtor's reconsideration request. Dkt. #199. It asserts that the court did not err in dismissing the case and that Debtor's motion fails to meet the standard for reconsideration, as there is no showing of newly discovered evidence or manifest error. Moreover, Blue View contends that there were multiple valid grounds for dismissal, which the record clearly supported, including ongoing noncompliance despite multiple opportunities to cure deficiencies, continuing substantial diminution to the estate, lack of feasibility, and an unreasonable likelihood of reorganization.

Blue View further emphasizes that Debtor's post-dismissal filings only reinforce the propriety of the dismissal, as her amended Schedule I and Schedule J, along with the amended monthly operating reports, now reference her spouse's income, which is information that was available from the inception of the case and does not constitute "newly discovered evidence."

Finally, regarding the statements attached to her motion claiming that her son and daughter might contribute to fund the plan, Blue View argues that these individuals could have appeared at the confirmation hearing but chose not to and that their statements fail to identify specific amounts that could render them relevant for a feasibility determination.

The court agrees with Blue View.

At the outset, the court notes that its decision to deny confirmation of Debtor's plan and to grant Blue View's objection was not based on Debtor's failure to obtain an accepting ballot or on the fact that Debtor had not objected to Blue View's proof of claim. First, the court has always been aware that any possibility of Debtor confirming a plan would have been under 11 U.S.C. § 1191(b), and without Blue View's consent. Second, the court did not consider or address in the confirmation hearing, nor did it rely on, Blue View's argument in its objection that its proof of claim was deemed allowed as filed because Debtor never filed an objection to claim.

With that in mind, Debtor's motion for reconsideration does not meet the standard set forth in Fed. R. Civ. P. 59(e). Simply put, Debtor has neither argued how this court committed manifest error nor presented any compelling grounds for the court to reconsider its dismissal order. On the contrary, the record shows, and Debtor admits, that: she failed to comply with the reporting requirements for debtors in Subchapter V; she appeared unprepared to prosecute the confirmation of her plan at the confirmation hearing; she waited until the day before the hearing to seek a continuance and to request additional time to amend her plan and operating reports; and the lack of complete and accurate financial information resulting from incomplete or missing operating reports prevented the court from properly assessing the plan's feasibility at the confirmation hearing.

Furthermore, aside from stating that the omission was due to errors made by the prior accountant, Debtor has failed to explain why possible contributions by family members to fund the plan were not included in prior plans and reports filed with the court. The court concurs with Blue View that this information has been readily available to Debtor and therefore does not constitute newly discovered evidence warranting reconsideration of the case's dismissal.

Lastly, the court is aware that this case represented Debtor's only opportunity to save her residential property from foreclosure. However, the motion for reconsideration cannot remedy the deficiencies outlined above on Debtor's part. See, Marks 3-Zet-Ernst Marks GMBH, 455 F.3d at 15-16. Debtor cannot obtain another bite at the proverbial apple.

In conclusion, absent a showing of mistake, inadvertence, surprise, excusable neglect, or any other reason that justifies the reconsideration of the dismissal of the case, Debtor's motion for reconsideration at Dkt. # 185 is hereby denied.

**IT IS SO ORDERED.**

In Ponce, Puerto Rico, this 15th day of September 2025.

María de los Ángeles González
United States Bankruptcy Judge

8